PETER ST. CLAIR, Respondent, v. O. F. HELLWEG, Appellant.

Springfield Court of Appeals, August 11, 1913.

1. APPEAL AND ERROR: Assumptions to Sustain Verdict. In an action to recover purchase money for a house, plaintiff purchaser testified that an abstract showing perfect title was to have been furnished him within ten days; defendant vendor,

admitting that he was to have furnished such abstract, testified that it was to be within a reasonable time. *Held*, in support of a verdict for plaintiff purchaser, that it must be assumed on appeal that the abstract was to have been furnished within ten days.

2. REAL ESTATE: Abstract of Title: Contract For. Where a contract calls for an abstract showing good title, title by adverse possession is thereby eliminated, as such title is not ordinarily evidenced by an abstract.

3. ———: Sale of: Contract: Conduct of Parties Construed. Though there was nothing in the written contract calling for an abstract of title, *held*, that the construction placed upon the contract by the conduct of the parties showed that an abstract was to be furnished showing perfect title.

4. ———: ———: Abstract of Title: Defects in: Duty of Purchaser. In an action to recover purchase money for failure to furnish an abstract showing perfect title, where the vendor furnishes an abstract which he thinks shows good title, the purchaser should have same promptly examined and if defects exist therein, should point out same and give vendor a reasonable opportunity to correct them.

5. INSTRUCTIONS: Sale of Real Estate: Abstract of Title. In an action to recover purchase money for failure to furnish an abstract showing perfect title within ten days, an instruction, authorizing the jury to return a verdict for defendant merely because the abstract was retained ten days without giving defendant an opportunity to correct it, regardless of whether or not it could have been corrected, was properly refused.

6. CONTRACTS: Time as an Essential: Waiver. Where time is of the essence of the contract, courts will enforce a strict compliance. But the acts of the parties may constitute a waiver and the courts will not allow a person, by actions indicating a waiver, to enforce unreasonable loss on the other party.

7. REAL ESTATE: Contract of Sale: Time of Essence of: Waiver. Where the vendor of real estate was to furnish an abstract of perfect title within ten days and an abstract was furnished by him in three days and retained by the purchaser until the expiration of the ten days without making known any defects therein, *held* that such retention was a waiver of the condition making time of the essence of the contract.

8. ———: Sale of: Abstract: Correcting Defects. In an action to recover purchase money for failure to furnish an abstract showing perfect title within ten days, the court erred in refusing to allow the defendant to show as a defense that, had

he been permitted, he could have remedied, within a reasonable time, the defects complained of.

9. ———: Sale of: Abstract: Defects: Corrections: Proof. The burden is on the defendant to show that he did in fact have a perfect title and that he could have shown same in the abstract within a reasonable time, had the opportunity been given him.

0. ———: ———: Correction of Abstract: Proper Evidence. In an action to recover purchase money for failure to furnish an abstract showing perfect title within ten days, held, that court committed error in refusing to receive in evidence the records of the probate court in reference to an administrator's deed in the chain of title.

11. INSTRUCTIONS: Outside of Issues: Erroneous. Where purchaser refused to take property on the ground that an abstract showing perfect title had not been furnished him within ten days according to contract, and not on the ground of failure to deliver possession ,an instruction authorizing recovery because of vendor's failure to give plaintiff possession in ten days, held erroneous.

Appeal from Lawrence County Circuit Court.—*Hon. Carr McNatt*, Judge.

REVERSED AND REMANDED.

*J. M. McPherson* and *Thos. Carlin* for appellant.

(1) No time being specified in the contract, defendant was entitled to a reasonable time in which to furnish plaintiff with a clear title. Mastin v. Grimes, 88 Mo. 478; Bates v. Roberts, 189 Mo. 49. (2) If defendant's title was in fact a clear title, plaintiff could not refuse to accept it because his attorney made objections to the same. Atkinson v. Taylor, 34 Mo. App. 442; Mitchner v. Holmes, 117 Mo. 186; Green v. Ditsch, 143 Mo. 1; Metz v. Wright, 116 Mo. App. 631. (3) Defendant should have been permitted to show title by adverse possession as well as by the records. Scannell v. Soda Fountain Co., 161 Mo. 606, and cases cited; Agan v. Shannon, 103 Mo. 661; In re Ford, 157 Mo. App. 1. (4) The memorandum of

agreement being in writing, the plaintiff should not have been permitted to vary its terms ·by a praol agreement. R. S. 1909, sec. 2783; Rucker v. Harrington, 52 Mo. App. 487; Snyder v. Betker, 159 Mo. App. 325; Warren v. Mayer Mfg. Co., 161 Mo. 120. (5) If plaintiff knew of defects of title, it was his duty to notify defendant, and return the abstract, and give him an opportunity to have same corrected, before refusing to carry out his agreement. Scannill v. Soda Fountain Co., 161 Mo. 624; Mastin v. Grimes, 88 Mo. 478; 22 Am. & Eng. Ency. Law (1 Ed.), 960.

*J. S. Davis*, for respondent.

(1) Courts have no power to make new contracts, or to impose new terms upon parties to contracts, without the consent of the parties. The powers of the court are exhausted in fixing the rights of parties to contracts already existing. Mason v. Payne, 47 Mo. 517; New Orleans v. Water Works, 142 U. S. 79. (2) The abstract does not show perfect title. Green v. Holt, 76 Mo. 677; Evans v. Snyder, 64 Mo. 516; Melton v. Fitch, 125 Mo. 289; Church v. McElhinney, 61 Mo. 543; Estate of Glover & Shepley, 127 Mo. 163. (3) Parol evidence of adverse possession was rightly rejected, as the contract was for abstract title ·free from shadow or cloud. A tender, not in accordance with the contract, is no tender. 39 Cyc. 1549, "VII," and cases cited, note 50. (4) Plaintiff had the right to instructions which presented the different aspects of the questions at issue. Mansur v. Botts, 80 Mo. 658; Lee v. Saddlery Co., 38 Mo. App. 208. (5) The promise to furnish title and deed was the consideration for the payment of the money·; and it was executory (not yet performed). ·When defendant failed to furnish this consideration, as promised, plaintiff had a right to his money back. Gwin v. Smur, 49 Mo. App. 361; Bank v. Lyons, 220 Mo. 538; Leake,·Contr. 18, 9 Cyc. 321,

FARRINGTON, J.—Plaintiff recovered judgment for the sum of two hundred dollars with interest, and defendant appealed. The controversy grew out of an agreement to sell a dwelling house in Pierce City, Mo. The plaintiff, after having looked at the house in company with his wife, agreed to purchase the same of the defendant for a consideration of fourteen hundred dollars and paid two hundred dollars as earnest money. The contract entered into for the purchase of the property was partly written and partly oral. The defendant signed the following receipt:

"Pierce City, Mo., April 25, 1910.

"Received of Mr. P. St. Clair, $200 as part payment on Lots 17 and 18, Block 4, Elm Add. Pierce City, Mo., balance of $1200 to be paid to me when the title is clear and deed tendered, consideration $1400.
                                   "O. F. Hellweg."

It will be noticed that this receipt does not call for an abstract, or fix any number of days within which the deal should be completed or the date on which it should be consummated. On the question of time, there is a dispute, plaintiff's evidence being that the deal was to be completed within ten days and defendant's evidence being that it was to be completed within a reasonable time. While the written memorandum discloses that the title was to be clear, both plaintiff and defendant testified at the trial without objection that it was understood that "it must be perfectly clear without a shadow of doubt," and that defendant was to furnish an abstract showing this. As to the time, the jury found for the plaintiff in his contention that it was understood that such title was to be furnished within ten days. The time not having been fixed, and both parties treating the provision of the written receipt—"when the title is clear"—as meaning that the title would be without a shadow of doubt, we must

assume in this opinion that such title was to be furnished by the defendant to the plaintiff within ten days as on the trial the jury found for plaintiff.

The plaintiff, after paying the two hundred dollars, went to Exeter in this State, and the defendant within three days forwarded an abstract to the plaintiff accompanied by the following letter:

"Pierce City, Mo., April 28, 1910.
"Mr. Peter St. Clair:

"I have had abstract to Hellweg property brought to date and examined by Mr. Carlin, attorney, and you will find his written opinion of same enclosed. Am sure the title is A No. 1. I also had warranty deed made and signed by Mr. Hellweg and wife so when it is convenient for you to close the matter up we are ready. Mr. Hellweg would like to sell you his range and linoleum on the kitchen; also the window shades, as they are all fitted to the house. So hoping to hear from you at an early date, I am yours truly,

"Tobe Bear."

The sender of the above letter, Tobe Bear, was the agent for the defendant who made the negotiations.

Plaintiff's testimony is that he turned over the abstract thus furnished him to his attorney at Cassville for examination, and that certain defects and irregularities were found to exist in the title according to this abstract and that the abstract did not show good title; that he went back to Pierce City with the abstract and the written opinion of his attorney setting out the alleged defects; that this was eleven days after the contract was made, plaintiff having held the abstract without disclosing any objections, at which time he informed the defendant that the title was defective and demanded the return of the two hundred dollars. Plaintiff also testified that he informed the defendant that the title which he contracted for not having been

furnished within the ten days, the deal was off, and that it was too late at that time to remedy the defects.

As before stated, while there was nothing in the written contract calling for an abstract of title, the construction placed upon the contract by the conduct of the parties shows that an abstract showing a perfect title was to be furnished. Therefore, we must hold against the appellant's contention that he should have been permitted to show that his title was good by adverse possession because title by adverse possession is not ordinarily evidenced by an abstract. The decisions hold that where a contract calls for an abstract showing good title, the call for an abstract would eliminate the title by adverse possession. [Thompson v. Dickerson, 68 Mo. App. 535, 540; Ives v. Kimlin, 140 Mo. App. 293, 124 S. W. 23; Austin v. Shipman, 160 Mo. App. 206, 215, 216, 141 S. W. 425.]

Where parties draw a contract the terms of which are that the abstract *first* furnished must show a complete title without defects, and such abstract when furnished does not come up to the requirements, the courts would enforce the contract of the parties; or where a party furnished an abstract, objected to, and stood on the abstract furnished as complying with the contract, and the court finds that it does not meet the requirements, the vendee would be relieved. [Austin v. Shipman, supra, and cases cited.] But there is nothing we can see from the evidence of the parties in the case at bar or from the letter of Tobe Bear accompanying the abstract which would indicate that the abstract as first furnished was an abstract which defendant intended to stand on as showing good title, or that this abstract as furnished was all that defendant intended to produce for plaintiff's inspection. The letter merely expressed the opinion that the abstract showed good title—this, of course, being partly based on the opinion of defendant's attorney. The letter also says that the warranty deed is prepared and that defendant is ready to com-

plete the contract. It seems good law to require the vendee, when an abstract is furnished by the vendor which the latter thinks shows good title, to promptly have it examined and if there are any defects existing to point them out and give the vendor a reasonable opportunity to correct such defects. The vendor's contract in this case was merely to furnish an abstract showing clear title—according to plaintiff's theory within ten days, and according to defendant's theory within a reasonable time. The promptness required on the part of the vendee would be largely dependent upon the time fixed in the contract for closing the deal. The defendant is bound in good faith to furnish an abstract showing good title and to make a warranty deed carrying out his part of the contract within the time prescribed. The contract, being a mutual one, the plaintiff is bound to use good faith in attempting to carry out his part and to lend every reasonable assistance toward the consummation of the same. In this contract, when made on April 25th, the ultimate and uppermost agreement of the parties was that the vendor would furnish and the vendee would receive a perfect title. The abstract was merely an evidence of this title to be furnished and incidental to the main purpose of the deal. The rule is stated in 22 Am. and Eng. Ency. Law (1 Ed.), at page 960 that if the purchaser refuses to complete the purchase on account of an objection to the title, he is bound to state the objection and give his vendor an opportunity to cure it, citing McWhorter v. McMahan, 10 Paige (N. Y.), 386. [See, also, 26 Am. and Eng. Ency. Law (2 Ed.), at page 112, citing Greenblatt v. Hermann, 144 N. Y. 13.]

Applying this rule to the present case, it would mean that if the original agreement was to be closed within ten days and the defendant furnished his abstract of title within three or four days, then the plaintiff, if he intended to insist on the time limit, was bound to point out his objections within such time as

would give the defendant a reasonable time under the circumstances to cure whatever defects were pointed out if it were possible for him to do so.    If the contract was indefinite as to when it would be closed, as is indicated by the written memorandum and defendant's evidence, the vendor would have a reasonable length of time in which to furnish the abstract, the vendee would have a reasonable length of time in which to point out defects, and the vendor would have a reasonable length of time in which to cure those defects.

Instruction No. 7 asked by defendant which was refused was properly refused because of the second paragraph of the same which authorized the jury to return a verdict for the defendant merely because the abstract was retained ten days without giving defendant an opportunity to correct it.    If the title was in shape to be made good and the abstract could have been made to show such good title, defendant should have been given the opportunity to do so; but if the title was so defective that it could not have been made good or good title could not have been shown by the abstract, then the plaintiff should prevail.    The second paragraph of the instruction ignores this proposition. The first paragraph of the instruction announces a correct principle of law and an instruction embodying such principle should be given.

Besides, if time was of the essence of this contract, as the plaintiff's evidence would indicate, at the time the contract was made, plaintiff certainly waived it by taking the abstract which was sent to him on April 28th, three days after the negotiations were had, and retaining it until after the ten days had expired, which he claimed was the time in which the deal was to be closed, and then refusing to go further with the transaction, refusing to point out defects or to allow the defendant to correct them, and demanding the return of the two hundred dollars.    Where time is of the essence of the contract, courts will enforce a strict com-

pliance within such time, but the action of the parties may constitute a waiver of this element altogether and courts will not allow either party by his action or inaction indicating a waiver to enforce unreasonable loss on the other party. [Scannell v. American S. F. Co., 161 Mo. 606, 61 S. W. 889; Mastin v. Grimes, 88 Mo. 478.] If plaintiff intended to stand on the ten-day limit, he should have been correspondingly prompt in making known his objections to the title. His statement on cross-examination that it was then to be two hundred dollars or nothing, and the fact that he did not go back to Pierce City until the eleventh day and then demanded the return of the two hundred dollars and stated that it was too late to remedy the defects in the abstract, coupled with the fact that the evidence shows that he had purchased a place at Exeter for twelve hundred dollars between the time of making this contract and the date on which he notified the defendant that he wanted the two hundred dollars returned, would indicate that the deal, not having been completed within the ten days, was not the ground on which he was seeking to repudiate this contract. The further fact that on being asked for the abstract that it might be corrected he refused to give it up to the defendant is convincing that he at that time did not want the abstract to show good title and was not willing to give the defendant an opportunity to make it show good title provided it was within defendant's power to do so. We must hold that the court erred in refusing to allow the defendant to show as a defense that had he been permitted he could have remedied the defects complained of within a reasonable time after they were pointed out. If the muniments of title offered by him at the trial would show that he did have, at the time the contract was to be closed, a perfect title to the property and that he could have made the abstract show a perfect title within a reasonable time after the defects were pointed out, this would have been a sufficient compliance with

his contract and would have defeated this action.    In view of the fact that there is to be another trial it may be well to state that the court must ascertain from the evidence offered whether the defendant had a perfect record title clear of any reasonable doubt at the time the deal was to be closed and whether such could have been made to appear in the abstract within a reasonable time after the defects were pointed out.    The burden will be on defendant to show that he did in fact have such perfect title and that he could have shown the same in the abstract had the opportunity been given him to do so.    If he can make this proof, he has a complete defense to this action.    If he did not have such title or could not have shown it in the abstract within a reasonable time, then the plaintiff should prevail.

The court also committed error in refusing to receive in evidence the records of the probate court in reference to the administrator's deed in the chain of a title.    This was properly admissible in evidence as tending to show that if plaintiff had pointed out the defects to the title with reference to this deed and had given defendant an opportunity to correct the same, he could readily have done so.

Instruction No. 1 given for the plaintiff authorized a recovery based on the promise of the defendant to perfect the title and *give plaintiff possession* of the property in ten days.    The evidence discloses fully that plaintiff never demanded possession and in fact did nothing after signing the contract on April 25th until eleven days had elapsed, at which time he refused to consummate the deal, not because of possession being denied, but because he claimed an abstract showing perfect title had not been furnished and that defendant's title was defective.    Plaintiff's refusal to take the property was not based on failure to get possession and this question is eliminated.

The judgment is reversed and the cause remanded for a new trial. *Sturgis, J.*, concurs. *Robertson, P. J.*, dissents.