CHARLES T. CANTRELL, Appellant, v. A. L. ROBARDS et al., Respondents.

Springfield Court of Appeals, March 11, 1922.

1. **APPEAL AND ERROR: Finding on Conflicting Evidence Conclusive.** Finding by court, sitting as a jury, that alteration of contract was made before execution will not be disturbed on appeal where evidence is conflicting. ʼ

2. **EVIDENCE: Parol Evidence is Admissible to Show Waiver of Time Provisions in Written Contract.** Where a written contract for the sale of land specified the time at which certain acts were to be performed by each of the parties thereto, and made time of the essence of the contract, an extension of time so specified need not be made in writing, and parol evidence was admissible to show waiver by the purchaser of the time for vendor's performance of certain acts.

3. **VENDOR AND PURCHASER: Objection to Failure to Deposit First Payment in Escrow Waived by Proceedings Under Contract Thereafter.** The objection, as ground for purchaser's rescission, that the check given for the first payment on the purchase of land was not deposited in escrow as required by the contract, but was cashed by the vendor, was waived where the purchaser continued his dealings under the contract after he knew the check had been cashed.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Musgrave & Howell* for appellant.

(1) Time for the performance of the contract could be extended only by the written consent of Cantrell. Revised Statutes 1919, sec. 2169; Ives v. Kimlin, 140 Mo. App. 303; Warren v. Mayer Mfg. Co., 161 Mo. 112-121; Rucker v. Harrington, 52 Mo. App. 481; Arky v. Commission Co., 185 Mo. App. 249; Lindhorst v. Orphan Asylum, 231 Mo. 391; Johnson v. Fecht, 185 Mo. 335; Wilt

v. Hammond, 179 Mo. App. 416; Austin v. Shipman, 160
Mo. ʹApp. 206-215; Reigart v. Coal & Coke Co., 217 Mo.
156; 2 Reed, Statute of Frauds, sec. 454; 3 Elliott on Con-
tracts, secs. 2428 and 2049; Greening v. Steele, 122 Mo.
287.  (2)  Money paid before deed is a charge on the
land in the hands of the vendor.  Devore v. Devore, 138
Mo. 186.  (3)  A. E. and C. E. Tupper are both liable for
the wrongs of Robards for the agent and principal are
both liable for acts of misfeasance or positive wrong.
Peckham v. Lindell Glass Co., 9 Mo. App. 463; Martin v.
Benoist, 20 Mo. App. 262-270.

*Hamlin & Hamlin* for respondents.

(1)  The record proper should show, not only the
filing of the motion for a new trial, but the date of the
filing thereof and the action of the court thereon;  .  .  .
The rendition of judgment, the filing motion for a new
trial, and ruling thereon,  .  .  .  must be shown by the
record proper, in order to be reviewed, and not by bill
of exceptions.  Mangan v. Woodward, 174 S. W. 121.
(2)  Time of performance may be waived and waiver
shown by parol.  Browne on Statute of Frauds, sec. 418;
Thompson v. Poor, 42 N. E. 13; 2 Reed on Statute of
Frauds, secs. 462-3; Mellon v. Smith, 65 Mo. 315; Brooks
v. Wheelock, 11 Pickering 439; Martin v. Grimes, 88
Mo. 485; Robberson v. Clark, 173 Mo. App. 301; Stout v.
Edwards, et al., 210 S. W. 128.

BRADLEY, J.—Plaintiff sued to recover $300 which
sum he paid in a real estate deal.  The cause was tried
before the court without the aid of a jury, and resulted
in a finding and judgment for defendants, from which
plaintiff has appealed.

Defendants Asa E. Tupper and C. A. Tupper were
real estate agents.  Defendant Robards before the oc-
currences giving rise to this cause owned some real prop-
erty in the City of Springfield, and one Mitchell owned
a farm near by which was listed for sale with the Tup-

210 M. A.—44

pers.  Plaintiff was in the market to buy a farm and
through the Tuppers a deal was made whereby Mitchell
exchanged his farm for the city property of Robards,
and Robards sold the farm to plaintiff.  Written con-
tracts were drawn, three copies each, between Robards
and Mitchell, and between Robards and plaintiff.  The
copy given plaintiff so far as material here is as follows:
"This contract, made and entered into this 23rd day of
July, 1920, by and between A. L. Robards, the seller, and
C. T. Cantrell, the buyer, Witnesseth:  That seller has
sold and agrees to convey as herein provided the follow-
ing described real estate in Greene county, Missouri, to-
wit:  (Here follows description), for the price and sum
of $6925 to be paid by the buyer as follows:  Three hun-
dred dollars at the signing of this contract, the receipt
whereof is hereby acknowledged by the seller. and which
is deposited with the Peoples Bank, as part of the con-
sideration of the sale, the balance whereof is to be paid
in the following manner, to-wit: $1625 cash on delivery
of deed as herein provided, balance of $5000 is already
on the place in a deed of trust due three years from last
May, 1920, at seven per cent. interest, from date.  Said
second party is to have possession on or before December
1, 1920.  The seller shall, within ten days from the date
hereof, deliver to the buyer or at the office of C. A.
Tupper & Co., a complete abstract of title to said prop-
erty from the United States Government to this date with
certificates by competent abstractors as to taxes, judg-
ments and mechanics' liens affecting said property.  The
buyer shall have ten days after such delivery of ab-
stract to examine the same.  If the title is defective, the
buyer shall specify the objections in writing to be de-
livered to the seller at the office of C. A. Tupper & Co.
within ten days after such delivery of the abstract; the
seller shall have the defects rectified within thirty days
from date of delivery of such objections, but in case
such defects in the title cannot be rectified within that
time this contract shall be null and void, and the money
deposited aforesaid shall be returned to the buyer and

the abstract returned to the seller. If the seller has kept his part of this contract, by furnishing good title as herein provided, and the buyer fails to comply with the requirements within five days thereafter, then the money deposited as aforesaid is forfeited by the buyer, and this contract may or may not be thereafter operative, at the option of the seller. Time is of the essence of this contract.''

Plaintiff based his cause on the alleged breach of the contract in the following particulars: (1) That the $300 check he gave to the Tuppers was not deposited as required by the contract; but was cashed and the proceeds retained by the Tuppers; (2) that the $5000 mortgage was due in two years instead of .three years as stated in the contract; (3) that there was an unsatisfied trust deed on the property which was not mentioned in the contract; (4) that the defects in the title were not perfected and cured within the time provided in the contract; and (5) a general allegation that the defendants perpetrated a fraud upon plaintiff whereby he was induced to pay the $300. Defendants say that they fully performed and that plaintiff did not, and invoke the forfeiture clause in the contract with respect to the $300. They also plead waiver as to the time to correct defects.

Plaintiff in effect makes three assignments. First, that there was not sufficient evidence to support the finding of the court; second, that the court erred in admitting oral evidence to show an agreement as to extension of time for defendant to perform; and, third, that the court erred in permitting defendants to file an amended answer.

The $5000 mortgage ran for two years instead of three, but this is explained by defendants in this manner. Tuppers drew all the contracts and at the time were under the impression that the mortgage ran for three years, and so inserted in the contract, but that before plaintiff signed, this error was discovered and corrected. The copy of the contract introduced by defendants showed this correction. Plaintiff denied, however, that such

change was made before he signed, or at any other time with his consent. The other trust deed had in fact been paid off and discharged, but the record had not been satisfied, but affidavits were obtained showing payment. Defendants claim that if the defects were not all cleared up within the time allowed by the contract that plaintiff had waived any right to complain in that respect. There was evidence by defendants tending to show that the contract was changed before being signed with respect to the *two* years and *three* years controversy concerning the $5000 mortgage, and the trier of the facts settled that question. Plaintiff testified positively that no such change was made, and defendants were as equally positive to the contrary. They explain the fact that plaintiff's copy did not show such change by saying that the contracts were signed late at night, and that by oversight the change was not made in all the copies, and that plaintiff by chance obtained a copy where the change was not made. It is also explained that this change was made with lead pencil. But defendants testify that the mistake was discovered before plaintiff signed, and his attention called to it, and that he consented to the change and then signed. The contract called for an abstract to be delivered to plaintiff in ten days. It further provided that in the event the title was found to be defective the buyer, plaintiff, should specify the objections in writing, and deliver same within ten days after delivery of abstract. The seller had then thirty days thereafter to correct defects, and in the event such defects could not be corrected in the thirty days then the $300 was to be returned to plaintiff and the contract be void. The contract was signed up on July 23, 1920. It does not appear just when the abstract was delivered, but on July 29th an opinion was given on the title by an attorney, so the abstract was delivered within the ten days. It seems the abstract was delivered to S. G. Wood, Esq., but plaintiff says he did not employ Wood, and did not authorize him to examine the abstract, but there was evidence to the contrary. All the defects were not cleared up within the

thirty days from July 29th, and unless the time for performance was in some manner lawfully waived, then plaintiff should recover his $300 because the contract specifically so provides.

Plaintiff does not contend that there was no evidence tending to show that he had waived as to the time of performance as specified in the contract, but he complains because the court admitted oral evidence to show the waiver. He says that an extension could only have been made in writing. There were no objections made to any of the evidence offered tending to show waiver, but if objections had been made the point would not avail plaintiff anything because in such case parol evidence is competent to show waiver. [Stout v. Edwards et al., 210 S. W. (Mo. App.) 128; Mastin v. Grimes, 88 Mo. 478; Melton v. Smith, 65 Mo. 315; Robberson v. Clark et al., 173 Mo. App. 301, 135 S. W. 854; St. Clair v. Hellweg, 173 Mo. App. 660, 159 S. W. 17.] In Robberson v. Clark, supra, the court states the rule as laid down by Pomeroy thus: "A condition that the title shall be made, or the price shall be paid, on or before the day named, may be waived by the party entitled to performance; and if such party thus waives the exact performance at the day, or if he goes on treating the agreement as still binding after default has been made, he cannot afterwards turn around and set up the delay or default as creating a forfeiture, and therefore a defense."

In Melton v. Smith, supra, it is held that where time is of the essence of the contract that it may be waived. That was suit for specific performance but is in point here. There the court said: "In addition to the foregoing observations, it may be remarked that the very doctrine of specific performance had its origin, for the most part, in the fact that parties frequently did not strictly, in the point of time, comply with their contracts; and that courts of equity do not usually regard time as an essential ingredient therein, nor is time so treated, unless the parties have themselves done so, or it thus necessarily results from the nature and circumstances of

the contract. [Sto. Eq. Jur., 776.] And even where time is of the essence of the contract, it may be waived.'' The same rule in effect is announced in Grames v. Novinger, 231 S. W. (Mo. App.) 265. In the syllabus of Stout v. Edwards, supra, the rule is stated thus: ''Where the written contract for the sale of land provided for the furnishing of an abstract on a certain day, an oral waiver of such requirement by the purchaser was not a modification required by the Statute of Frauds to be in writing.

Counsel make no mention in their brief proper about the failure to deposit the $300 as provided in the contract. But it is clear that plaintiff was not placing much stress on this point. His real grievance was the *two* year mortgage, and his ground, if any he had, on the failure to deposit was swallowed up in his conduct and dealings after he knew the $300 was not deposited, and goes from him under waiver.

In view of the liberality accorded amendments we do not think that any error was committed in permitting the amended answer to be filed. Counsel do not brief this question and make no point on it except the formal assignments. It is our conclusion that the judgment should be affirmed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.