[Filed May 1, 1890.]

## *E. C. KANE v. CHARLES G. RIPPEY ET AL.

ABSTRACT OF TITLE—OBJECT AND WHAT TO CONTAIN.—The object of an abstract of title is to enable the purchaser, or his counsel, to determine the sufficiency of the title. It should contain whatever concerns the source of the title and its condition.

ABSTRACT, ADMISSIBLE AS EVIDENCE, WHEN.—It may be admissible in evidence, not for the purpose of proving title, but to show that the abstract furnished to show title did not disclose such evidence of title as the defendants had agreed to convey by their contract.

Jackson county: L. R. WEBSTER, Judge.

Plaintiff appeals. Reversed.

*H. K. Hanna,* for Appellant.

*Wm. M. Colvig,* for Respondent.

LORD, J.—This is an action to recover money paid on a contract for the sale of land. It arose out of substantially these facts: That the defendants agreed with plaintiff in writing to convey to him "in fee simple, clear of all incumbrances whatsoever, by a good and sufficient deed, and abstracts of title, the following parcel of land," etc.; that at the execution of said agreement, the plaintiff paid to the defendants the sum of five hundred dollars, as provided therein, and as the first payment on said land; that prior to bringing this action, the plaintiff tendered the further sum of three thousand dollars as a second payment, and was ready and willing to perform his covenants and agreements, etc.; that he then and there demanded of said defendants that they execute and deliver to him a deed of said land, etc.; that the defendants refused to execute the same; that the title to said land is defective; that they cannot execute or deliver a clear title, etc., and make him a good and sufficient deed and abstract of title therefor, etc.; and that the defendants have not repaid any part of the sum of

---

*This opinion should have appeared in 19 Oregon, and to correct the error is reported here.— REPORTER.

five hundred dollars to them paid as a part of the purchase price, etc.

The material facts were put in issue, and after the plaintiff had introduced his evidence and rested, the defendants moved for a nonsuit, which was granted by the court, and judgment entered for the defendants. Two causes of error are assigned: (1) that the court erred in refusing to allow the plaintiff to introduce in evidence the abstract of title furnished plaintiff by the defendants, and (2) in taking the cause from the consideration of the jury and rendering a judgment of nonsuit in favor of the defendants.

It is disclosed by the bill of exceptions that, when the plaintiff offered in evidence the abstract of title, the court refused to admit it on the ground, as it would seem, that it was not the proper evidence of title, but that the records or original conveyances were the only legal proof of title admissible. The court evidently regarded the action as one in which the validity of the title and its proper proof were involved, as it is only upon this theory that the ruling of the court below can be sustained. The difficulty arises out of the somewhat involved manner in which the facts are alleged; but it is plain that the action is based on the contract, and that the real contention is as to its meaning and proper construction. The plaintiff was endeavoring to show, not that the abstract conveyed title, but that the abstract of such title furnished the plaintiff by the defendants did not exhibit the "good title, free from incumbrances" that the defendants had agreed to convey. His position, in substance and effect, was that the defendants had agreed by their contract to assure him a good title, and to furnish him an abstract thereof from which its validity and marketable quality might be ascertained and determined, but that the abstract furnished him by them for this purpose, and which the plaintiff offered in evidence, and the court rejected, showed that the title was defective, or not such as would be in accordance with the terms of such contract. The

defendants had agreed to "convey and assure to the plaintiff in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed, and abstract of title," etc., the lands described. The object of the abstract is plain; it is to enable the purchaser, or his counsel, to pass readily upon the validity of the title, as it should contain whatever concerns its source and condition. Mr. Curwen says: "The object of the abstract is to furnish the buyer and his counsel with a statement of every fact, and abstract of the contents of every deed on record, upon which the validity and marketableness of the title depend, so full that no reasonable inquiry shall remain unanswered; so brief, that the mind of the reader shall not be distracted by irrelevant details; so methodical, that counsel may form an opinion on each conveyance as he proceeds in his reading; and so clear, that no new arrangement or dissection of the evidence shall be required. The buyer has the right to demand a marketable title. He has a right to demand that the abstract of title shall disclose such evidence of that title as will enable him to defeat any action to recover or incumber the land." (Curwen, Abstract Title, § 36.)

In contracts for the sale of real estate, the principle is of constant application that it is implied that the vendor will exhibit a good marketable title before the contract is consummated; and until he do so, the buyer is not bound to accept a deed or pay the purchase money. In the case at bar, the contract is written, and the defendants agree to convey a good title free from all incumbrances whatsoever, and to furnish an abstract of such title. What was the object of this abstract? Plainly, to enable the plaintiff and his counsel to determine readily on the sufficiency of the title agreed to be conveyed by the contract—in a word, an abstract which would disclose such evidence of title as would show the title free from all incumbrances whatsoever, and defeat any action to recover the land. This being the object of the abstract, when the plaintiff submitted it to

his counsel, as the record shows, he refused upon an inspection of it to say that it disclosed such title as the defendants had agreed to convey. Whether it does or not, the abstract is not before us for that purpose, but only to show its object as applied to the contract. When, therefore, the abstract was offered in evidence, it was not for the purpose of proving title by the abstract, but of showing that the abstract furnished did not disclose evidence of such title as the defendants had agreed to convey. It results that we think the abstract was admissible for the purpose offered, and that it was error to exclude it. This being so, it becomes unnecessary to consider the other error assigned.

The judgment must be reversed and a new trial ordered.