WILLIAM G. THOMPSON, Respondent, v. HENRIETTA DICKERSON, Appellant.

Kansas City Court of Appeals, January 20, 1897.

1. **Vendors and Vendees:** TITLE: APPROVAL OF ATTORNEY. Where a contract for the sale of real estate stipulates for an abstract title, showing fee simple in the vendor to be approved by an attorney, the approval of such attorney must be had before the vendee can be asked to accept the title.

2. ———: ABSTRACT SHOWING FEE SIMPLE TITLE: TITLE BY USER. Where a contract of sale of real estate stipulates for an abstract showing fee simple title to the bargained lands in the vendor, the abstract must show such title, and a title by adverse possession is not sufficient; nor does it matter that the vendee at the time of making the contract knew the condition of the title.

3. ———: PERFORMANCE: PLEADING. In an action by the vendee against the vendor for damages for failure to perform his agreement to furnish a title as agreed, it is sufficient to allege the vendee's readiness and willingness to perform his contract.

ON REHEARING.

4. ———: ABSTRACT SHOWING FEE SIMPLE TITLE: TITLE BY USER. *Birge v. Bock*, 44 Mo. App. 69, distinguished.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Murrell* for appellant.

(1) The defendant's petition does not state facts sufficient to constitute a cause of action. *Pershing v. Canfield*, 70 Mo. 144; *Dietrich v. Franz*, 47 Mo. 88; *Basye v. Ambrose*, 32 Mo. 484; *Birge v. Bock*, 24 Mo. App. 330; s. c., 44 Mo. App. 69; *Roy v. Boteler*, 40

Mo. App. 222; *Mohney v. Reed*, 40 Mo. App. 99. (2) If the plaintiff was prevented from performing or offering to perform by any default of defendant, and relied upon such default, as an excuse or reason, he should have expressly pleaded it, which he did not. *Lanitz v. King*, 93 Mo. 517; *McCullough v. Ins. Co.*, 113 Mo. 616. (3) The undisputed evidence in this case is that Rector was attorney of plaintiff at the time the contract was made, and that he was informed at that time of the misdescription in the deed from James Dickerson to defendant. The deed was present. He was present when the defendant arranged with Noble to make out the abstract, and deliver to him. He did not, and ought not now to be heard to say that defendant failed to furnish an abstract, as required by contract. *Easton v. Montgomery*, 25 Am. St. Rep. 128; *Dwight v. Cutler*, 64 Am. Dec. 105; *Mitchner v. Holmes*, 117 Mo. 185. The evidence in this case shows that the fee simple title to the land in controversy was, and is yet, in defendant. It is admitted that James Dickerson owned the land. There is no pretense that any other person claims any interest or title to the land. The evidence also shows that James Dickerson died about 1880. Under the law of the state the defendant had, by adverse possession, a perfect fee simple title. *Nelson v. Brodhack*, 44 Mo. 600; *Allen v. Mansfield*, 82 Mo. 693.

*Samuel Davis* and *Alf. F. Rector* for respondent.

(1) The petition stated all the facts necessary. It alleged the terms of the contract, and that the defendant failed and refused to comply with the same. Defendant notified plaintiff that she refused to comply with her contract and no offer to comply on the part of plaintiff was required. (2) The plaintiff was entitled

to a marketable title, free from doubts in law or fact, and could not be made to accept a title resting solely on the adverse possession claimed by the defendant, a claim of which she had doubts of being able to maintain in a suit with her brothers and sisters, and in the face of the fact that in 1889 she had been sued for the possession of the land by three of the heirs. *Kilpatrick v. Barron*, 125 N. Y. 751; *Close v. Stuyvesant*, 132 Ill. 607; *Reynolds v. Bovel*, 86 Cal. 538; *Richmond v. Koenig*, 43 Minn. 480; *Fairchild v. Marshall*, 42 Minn. 14; *Austin v. Barnum*, 53 N. W. Rep. 1132; *Noyes v. Johnson*, 31 N. E. Rep. 767; s. c., 139 Mass. 436; *Flannigan v. Fox*, 27 N. Y. S. 1122; *Allen v. Pockwitz*, 36 Pac. Rep. 1039; *Thompson v. Avery*, 39 Pac. Rep. 829; *Witchner v. Holmes*, 117 Mo. 207. (3) The contract provided that the abstract should show fee simple title to said lands in defendant, the same to be approved by A. F. Rector, an attorney, and until the title tendered by the abstract was such and so approved, the title contracted for was not tendered. *Church v. Shanklin*, 30 Pac. Rep. 789; s. c., 95 Cal. 629; *Flannigan v. Fox*, 26 N. Y. S. 48; s. c., 27 N. Y. S. 1122.

ELLISON, J.—This action is for damages and is based on a contract for the sale of lands. Plaintiff recovered in the trial court. Plaintiff and defendant entered into a written contract, whereby defendant sold to plaintiff seventy-five acres of land for $2,150, $50 paid in cash, on the execution of the contract, and the balance to be paid upon a compliance with other terms of the contract, as to title, including the execution of a deed for the land, conveying title in fee simple to the plaintiff. The contract contained, among other provisions, the following: "And said first party hereby agrees to furnish to said second party a complete abstract of the title to said lands, showing fee simple title

to said lands in said first party, which said abstract shall be approved by Alf. F. Rector, as showing a complete title in fee simple in said first party to said lands, which said abstract shall be delivered to said Rector by said first party, within the next ten days.''

The evidence showed that defendant was paid the sum of $50 called for in the contract as a cash payment, and that the contract, together with a warranty deed to the lands, was delivered to a third party, presumably to hold until the provisions of the contract relating to the title and the payment of the balance of the purchase money were complied with. It was likewise shown that plaintiff knew that the lands had been deeded to defendant by her father and that the deed did not convey forty acres of the tract, there having been a misdescription, the deed describing forty acres that the defendant's father did not own. The evidence also showed that defendant had been in the open, notorious, and continuous possession of said forty acres, claiming to be the owner, for more than ten years. In other words, that plaintiff's title, in point of fact, was good by adverse possession. It was further shown that defendant had an abstract of title made out and delivered to Mr. Rector; that he examined it and pronounced the title insufficient; that he stated that defendant could, by proper proceeding in court, have the title perfected, if, in point of fact, she had been in adverse possession the requisite period.

One of the principal points contended for by defendant is, that defendant having shown a good, legal title by adverse possession, it answered the demands of the case, and that plaintiff was not justified in rejecting the title. We are of the opinion that the terms of the contract make it unnecessary for us to decide whether a title by adverse possession, not appearing of record, will constitute a good, legal, and

marketable title, such as is required on an ordinary contract between vendor and vendee, wherein a good and complete title is contracted for, as has been stated in *Witchner v. Holmes*, 117 Mo. 207.

It has been held that where a contract provides that the title of the vendor shall be such as shall be approved by an attorney designated in the contract, then such approval must be had before the vendee can be asked to accept the title. *Church v. Shanklin*, 95 Cal. 626; *Allen v. Pockwitz*, 36 Pac. Rep. 1039; *Thompson v. Avery*, 39 Pac. Rep. 829; s. c., Utah, 1895. The parties having agreed to submit to and rely upon the judgment of an attorney, whom they name and select, can not, in the absence of fraud or collusion, afterward ask to substitute the judgment of a court for that of the party selected. In *Church v. Shanklin*, just cited, the contract contained a provision that, "whenever he perfects the title to lots 14, 15, and 16, in block 85, of Fresno, to the satisfaction of Church & Cory, attorneys. * * * Neither principal nor interest to be due and payable until said title is perfected as aforesaid." The court held, that notwithstanding the title was, in fact, good, the satisfaction of the attorneys was a prerequisite to the falling due of the notes. In *Wallace v. Curtis*, 36 Ill. 158, it was held that where the quality of certain lumber was to be submitted to the judgment of one selected as an inspector, the fact that he did not select the proper lumber could not be shown, since no fraud was suggested and it being a mere error of judgment. And so we have made like rulings as to building materials.

But it may, with reasonable ground, be said that the plaintiff's petition does not state a case based on the rejection of the title by the attorney selected. We will therefore look into another phase of the case. We

*Marginal note:* VENDORS and vendees: title: approval of attorney.

are of the opinion that under a reasonable construction of the terms of the contract in question, the title which defendant obligated herself to show and convey to plaintiff, was such a paper title as could be made to appear from an abstract. The contract was not only that there should be a complete abstract of the title, but that the abstract should be one *"showing fee simple title to said lands,"* in the defendant. The abstract itself must show a fee simple title. That is to say, the title must be such a title as can be made to appear in an abstract. There are many good reasons why a purchaser would want such a title as could be portrayed on an abstract. A title which has a break in the chain of deeds and which depends upon adverse possession to supply the missing link, may frequently be embarrassing to an owner, especially where a prospective purchaser or lender of money may be unacquainted with the facts.

A case in Massachusetts is applicable to the present question. The contract recited that: "Ten days given to examine title, and if, upon examination of the records, it shall appear that any material act or thing is necessary to be done or performed, in order to perfect the title to said premises, which the seller is unable to do or perform within a reasonable time, not exceeding sixty days from date hereof, then the sale to be void at the option of either party." The court, in interpreting this contract (italics ours) said: "By the *terms and conditions* of the sale, it was implied that the purchaser should have a good title by record. No purchaser could reasonably be held to expect, from these terms and conditions, that a title by adverse possession, depending upon a long and difficult investigation of facts, would be offered to him. The title may be good, but a purchaser *under such terms and condi-*

*tions* ought not to be held bound to accept it and assume the burden of defending it against all comers." *Noyes v. Johnson*, 139 Mass. 436. And so the same was held of a similar contract in *Reynolds v. Bovel*, 86 Cal. 538.

The point is made that this plaintiff knew of the defect in the title before and at the time when the contract was made. That fact can not avail defendant. It may have been one of the inducing causes for demanding an abstract which should be approved by an attorney after examination.

The further point is made that the petition does not allege performance, or offer of performance on plaintiff's part. It did allege a readiness and willingness. It was not necessary that plaintiff should perform his part until the precedent condition of exhibiting a sufficient title under the contract had been performed by defendant.

——: performance: pleading.

Other suggestions are also advanced, but we are satisfied that no other judgment could have been rendered than for plaintiff. It will therefore, with the concurrence of the other judges, be affirmed.

ON REHEARING.

The effect of our considering the second branch of this case was that, though the petition may not have stated a case on the fact that Mr. Rector had rejected the title as presented in the abstract, yet defendant failed in her defense under the contract from other considerations arising from the terms of the contract, and on which the petition undoubtedly stated a cause of action.

The effect of our decision, as expressed in the original opinion, is that on the conceded facts the defend-

Thompson v. Dickerson.

ant has no defense to the action. The facts disclosed by defendant show that she did not have a title, which could be made to appear in an abstract of title. She showed that her title depended upon an adverse possession to be shown by testimony, and we held that such a title was not the one contemplated by the contract. That the contract contemplated, not only a fee simple title, but *such* a fee simple title as *would appear by the abstract.* We carefully considered the authorities cited by defendant, which will be found in the brief of counsel, but find that they do not construe a contract containing provisions found in this contract. For instance, in *Birge v. Bock*, 44 Mo. App. 69, the contract was "title to be perfect or no sale. - Title not perfect, earnest money to be refunded," etc. It is apparent that that contract, in vital particulars, is unlike the contract involved here. In our opinion, the facts which defendant herself concedes, made it incumbent on the trial court to instruct the jury that the only question before them was the amount of damages. The judgment, therefore, will be affirmed. All concur.

——: abstract showing fee simple title: title by user.