## GEORGE W. BRUCE, Appellant, v. CHARLES WOLFE, Respondent.

Kansas City Court of Appeals, November 9, 1903.

1. Real Estate Brokers: COMMISSIONS: ABSTRACT OF TITLE: GOOD TITLE: QUIETING TITLE: DEFENSE. A landowner's contract with a real estate broker required the former to furnish a clear abstract of title. Held, this did not mean good title in law by reason of occupation under color and claim of title, and on the facts in this case it is shown that the defendant landowner knew he was required to furnish the abstract and cure the defect in his title of record, and an offer to perfect his title by suit was insufficient and could not defeat the broker's action for his commissions upon an admitted sale which could not be consummated by reason of the condition of the title.

2. ———: ———: BROKER'S PERFORMANCE OF CONTRACT: INSTRUCTIONS. An instruction offered by the defendant landowner requiring a compliance with his contract by the broker, is *held* improperly refused since the affirmative of the same theory was given at the broker's instance.

3. ———: ———: REQUESTED AND REQUIRED: INSTRUCTIONS. On the facts, it is held that the court properly modified an instruction for the defendant by changing "requested" to "required," the word used in the contract, since the evidence shows the defendant was required to furnish the stipulated abstract.

4. ———: ———: BROKER'S PERFORMANCE OF CONTRACT: JUDGMENT FOR THE RIGHT PARTY. .Since the undisputed evidence shows that plaintiff had fully complied with the terms of his contract, and the judgment below was for the right party, it is affirmed.

Appeal from Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

AFFIRMED.

*T. H. Cloud* and *A. A. Whitsitt* for appellant.

(1)  One who incloses and holds land by an open, notorious adverse possession, against all the world for a period of ten years, will obtain therein an indefeasible title in fee simple to the land so inclosed and possessed. Ekey v. Ingle, 87 Mo. 493; Sherwood v. Barker, 105 Mo. 477; Long v. Stock Yards Co., 107 Mo. 304; Stevens v. Martin, 168 Mo. 407; Heinemann v. Bennett, 144 Mo. 113; Hunnewell v. Burchett, 152 Mo. 611.    (2)  A grant is presumed from long enjoyment.  House v. Montgomery, 19 Mo. App. 179; Secs. 900, 4262 and 4266, R. S. 1899; Heinemann v. Bennett, 144 Mo. 113; Goodson, Admx., v. Goodson, 140 Mo. 217; Allen v. Mansfield, 81 Mo. 693; Kirton v. Bull, 168 Mo. 623; Stevens v. Martin, 168 Mo. 407; McPike v. Allen, 53 Mo. 551; Prior v. Scott, 87 Mo. 303; Livingston Co. v. Morris, 71 Mo. 603; Davis v. Hess, 103 Mo. 36.    (3)  It is a rule of law, applicable to all cases alike, that whenever an act is to be done, and no time is fixed for doing it, the law im-

plies that it shall be done within a reasonable time. State ex rel. v. Harrison, 53 Mo. App. 346; 2 Parsons on Contracts, secs. 661, 794; Lapsley v. Howard, 119 Mo. 489; Goodfrey v. Stock, 116 Mo. 403; Linville v. Welch, 29 Mo. 203. (4) Instruction 1, given for plaintiff, is error. (5) The first instruction asked and refused should have been given. The facts and evidence in this case, show plaintiff failed to make out a case.

*R. T. Railey* for respondent.

(1) Defendant admits that had it not been for the defect in the title heretofore mentioned, he and Purvis had agreed upon a trade or sale in every respect. He had delivered his deed from himself and wife, to Zick in escrow, to be turned over to Purvis when the latter was satisfied with the title, and Purvis authorized Zick to turn over the draft and note aforesaid. Zick was authorized to deliver the papers to the respective parties and close up the deal, if the title was found good. Here, then, was the land properly described, with deeds, etc., duly executed and complete within themselves, ready for delivery, if the title was found good. These should all be considered as one transaction, and show a complete contract between the parties. Christensen v. Wooley, 41 Mo. App. 56; Peycke v. Ahrens, 72 S. W. 151, and cases cited. (2) The court should, therefore, have directed a verdict for plaintiff, and as the contract fixes the amount, it should have directed a verdict for said plaintiff in the sum of $150, as the other items were waived at the trial. Fullerton v. Carpenter, 71 S. W. 99; Hynes' Ex. v. Brettelle, 70 Mo. App. 350; Phister v. Gove, 48 Mo. App. 458; Gerhart v. Peck, 42 Mo. App. 651; Christensen v. Wooley, 41 Mo. App. 60; Love v. Owens, 31 Mo. App. 510; Carpenter v. Rynders, 52 Mo. 279, (3) Wolfe knew, therefore, when he received this letter, that an abstract of title would be required. With knowledge of such fact, he took this letter to plain-

tiff at Pleasant Hill, and with the letter before them, had the contract drawn, describing the property, dated March 28, 1902.

BROADDUS, J.—The plaintiff, who was a real estate agent, seeks to recover of the defendant $150 as commission for the sale of his farm, upon the following written contract ("Exhibit A.") :

"FARM PROPERTY CONTRACT.

"I, Charles Wolfe, of Pleasant Hill, county of Cass, State of Missouri, have this day given Geo. W. Bruce the exclusive sale or transfer of the following described real estate, to-wit: The w 1-2 s. w. 1-4 and s. w. 1-4 of n. w. 1-4 section 35, and s. e. 1-4 n. e. 1-4 section 34, T. 46, R. 31, county of Cass, State of Missouri, which is owned by me. I hereby appoint and constitute said Geo. W. Bruce as my agent and authorize him to enter into a written contract for me, on my behalf and in my name, for the sale of said real estate. I agree to make a good, satisfactory deed, and if required to do so, to give a clear abstract of title to said real estate showing the title to be fully vested in me. In consideration of his services in making such sale, transfer, sending me a buyer, or being instrumental in any manner, whatever, in selling or transferring said property, I agree to pay said Geo. W. Bruce one hundred and fifty dollars, when sale is made, payable at his office. Should I wish to withdraw the above described property from market, or advance the price, I agree to give said agent written notice twenty days prior to such withdrawal or advance. I agree to pay said agent $—— for advertising, should I withdraw said property from sale. Any change in the price or terms agreed to by me shall work no forfeiture in commission due said agent in case of sale or transfer of said property. Dated this 28th day of March, 1902.

(Signed)                    "CHARLES WOLFE."

The uncontradicted evidence was that the plaintiff sold the land of defendant to a Mr. Purvis, who lived in the State of Nebraska, at and for the price of $7,250, to be paid in the following manner: $5,250 in cash, $1,500 on credit, and $450 to be deducted as rent from defendant who was to occupy the land for one year after the sale, the purchaser to execute a note for the $1,500, for the payment of which he was to execute a deed of trust on the land. In furtherance of the sale, defendant and his wife made a deed conveying the land to said Purvis and deposited it with Joseph Zick, cashier of a Pleasant Hill bank in said Cass county, and Purvis made a note for $1,500 payable to the defendant and he and his wife executed a deed of trust on the land to secure the payment of the note, and deposited them also with said Zick together with $5,250 cash, or its equivalent. But said note, deed of trust and money were not to be delivered to defendant until he had furnished a clear abstract of title. The defendant on the trial denied that he was ever notified or requested to furnish such abstract; but there was evidence that it was required of him.

Plaintiff had an abstract made which was submitted to Purvis' legal adviser who objected to it because one of the deeds in defendant's chain of title failed to correctly describe the west half of the southwest quarter of section 35, township 46, range 31, of the land, but described it as the south quarter of said section, leaving out the word "west." This deed was dated December 18, 1846, and filed for record four days thereafter. When this discrepancy was shown in defendant's paper title he was permitted, over the objection of plaintiff's attorney, to prove such occupation as would vest the title to him under the statute of limitations. He also proved that he offered to give bond to indemnify said Purvis or take such other action as would correct the defect in his title. Mr. Purvis, upon the advice of his legal counsel,

withdrew his deed, note and money on deposit and refused to take the land.·

The verdict and judgment were for the plaintiff.

Defendant alleges among other matters that plaintiff's instruction numbered 1 given by the court was error because the court therein assumes that defendant's abstract of title was defective. We can not agree with defendant on this question. The contract called for a clear abstract of title, that is, a paper title. Whereas he may have had a good title in law by reason of his occupation under color and claim of title, it could not be so shown by an abstract. The purchaser was not bound to take the land and incur the risk of successfully defending the title, and he was not bound to take a bond from defendant to guarantee the same. But defendant contends that he was entitled to a reasonable time, at least, to perfect his title. However that might be, it can have no effect on plaintiff's right to recover if he made the sale and defendant failed, when required, to give a clear abstract of title—that is, a title of record. He had nothing more to do. It was the business of defendant to satisfy the purchaser as to his title. Notwithstanding defendant denied that plaintiff had requested him to furnish an abstract of title, he further testified that he went with plaintiff to Mr. Zick, who held the Purvis deed, note and money, and proposed to give a bond to convey title to the purchaser if he would hold the money, note and deed until he could bring a suit in court to perfect title. He certainly then knew what was required of him and that his title of record was defective. He did not offer such an abstract as was required of him, but his offer was merely to perfect his title by suit. Whatever equity he may have had against the prospective purchaser, if any, is not available against plaintiff, for he performed his entire contract and the consummation of the sale was prevented by the failure of defendant to comply with it on his part. There is no evidence contradictory of that of plaintiff that he made the

sale.   In fact, the evidence of defendant was confirmatory of that fact.

The following instruction was asked on behalf of defendant but was refused by the court, viz:   "The court instructs the jury that unless they find and believe from the evidence in the case that the plaintiff, George W. Bruce, complied with all the requirements upon his part under the contract offered in evidence, signed by Charles Wolfe, of date March 28, 1902, and that the said plaintiff did produce a purchaser ready, willing and able to buy on the terms submitted in said contract, then your finding will be for the defendant."   The affirmative of this instruction was given in plaintiff's instruction numbered 1, and we can see no good reason why it should have been refused.

Instruction 2, asked by defendant, was also refused and modified.   As written it was based upon the theory that if defendant was not requested to furnish an abstract of title, plaintiff was not entitled to recover.   The word used in the contract was not "requested," but "required."   And although defendant denied that he had not been requested, which perhaps may have been, strictly speaking, the truth, to furnish said abstract, yet his own evidence shows clearly that one was required of him.   There was no error in the instruction as modified except that pointed out in the original, of which plaintiff alone had the right to complain.

But as all the testimony on both sides indisputably showed that plaintiff had fully complied with all the terms of his contract, and the judgment being for the right party, under the statutes we feel compelled to affirm the case.   All concur.