## MOSER v. TUCKER. (No. 1169.)

(Court of Civil Appeals of Texas. Amarillo. May 9, 1917.)

1. COURTS ⟨⟩121(5)—JURISDICTION—AMOUNT IN CONTROVERSY—INTEREST.

In a suit to recover earnest money paid on an optional purchase of realty with interest, the interest is part of the damages, and must be considered as a part of the amount in controversy in determining jurisdiction of district court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 419, 420.]

2. VENDOR AND PURCHASER ⟨⟩132—FURNISHING ABSTRACT OF TITLE — "MERCHANTABLE TITLE."

Where the parties have stipulated that the abstract shall show a "merchantable title," it must be construed to mean a good record title, and not such title as may be shown to be good by oral proof, ex parte affidavits, or other writings not subject to registration.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 248.

For other definitions, see Words and Phrases, First and Second Series, Merchantable.]

3. VENDOR AND PURCHASER ⟨⟩352—FURNISHING ABSTRACT OF TITLE—"MERCHANTABLE TITLE"—QUESTION OF LAW.

The question whether a marketable title as it appears upon the record has been furnished is one of law.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1059.]

4. VENDOR AND PURCHASER ⟨⟩130(6) — ABSTRACT SHOWING MERCHANTABLE TITLE — EVIDENCE.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3700, providing that instruments recorded for 10 years, whether proved or acknowledged as required by law, shall be admitted in evidence, a vendor's contract to furnish an authentic abstract showing a good merchantable title is complied with where a deed in the chain of title, with a defective acknowledgment as shown by abstract, has been recorded more than 10 years, and the defect has been cured by deeds of those having right to question the same as well as by a trustee's deed at a sale under trust deed to secure the purchase money to the grantor in the defectively acknowledged deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246.]

5. DEEDS ⟨⟩208(4)—DELIVERY—EVIDENCE — REGISTRATION.

Registration of a deed is prima facie evidence of delivery to and acceptance by grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 628.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Suit by A. S. Tucker against C. O. Moser. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

J. J. Eckford, of Dallas, for appellant. Dabney & Townsend and H. G. Goggans, all of Dallas, for appellee.

HALL, J. On October 31, 1913, appellee, Tucker, contracted to purchase from appellant, Moser, certain lots in the Levingstone addition to the city of Dallas, and at that time paid $500 earnest money. The receipt for the money, which is the evidence of the contract, was executed by the agents of Moser, and recited the terms of the sale. It contained this stipulation:

"Conditioned upon an authentic abstract showing a good, merchantable title to the property, and should the title to said property prove not good and cannot be made good within a reasonable time, not to exceed thirty days from the date hereof, then we obligate ourselves to return said $500.00 now paid upon the return and cancellation of this receipt."

Tucker's attorney examined the abstract and declined to approve the title, and this suit was instituted in the district court of Dallas county to recover the earnest money, with interest. By his first amended original answer, appellant, Moser, excepted generally and specially to the petition, interposed a general denial, and denied specially that the allegations of plaintiff's petition showed defects in the title to the property described in the contract of sale. The court overruled defendant's exceptions, and, after the evidence had all been introduced, directed a verdict for the appellee in the sum of $500, with interest at 6 per cent. from the date of the contract.

[1] Under the first assignment appellant insists that the district court did not have jurisdiction of the amount in controversy. This question is settled adversely to appellant's contention by the case of McNeill et al. v. Casey, 135 S. W. 1130, which holds that in a suit of this character, where the plaintiff prays for interest for the breach of the contract, the interest is part of the damages recoverable, and must be considered as a part of the amount in controversy determining the question of jurisdiction.

[2, 3] As will be observed, the contract does not stipulate that the title shall be merchantable, but that the abstract shall show a merchantable title. A title may be absolutely good, such as a title by estoppel, adverse possession, or limitations, and yet, as shown by the abstract, it may be utterly worthless. On the other hand, an abstract may show the title to be good on the face of the record, and yet the vendor may not be the real owner of the land. Where the parties have stipulated that the abstract shall show a marketable title, it must be construed to mean a good record title, and not such a title as may be shown to be good by oral proof or ex parte affidavits and other writings not subject to registration. As said by Neill, Justice, in Bowles et al. v. Umberson et al., 101 S. W. 842:

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The very fact that the one who desires to sell agrees to furnish one who wants to purchase an abstract of title indicates that the title under which he claims is of such character that a complete abstract can be made of it, and that it is not such that must appear outside of such records and instruments as abstracts of title are made from. Such, for instance, as title by limitation of which there can be no record or paper." Nicholson v. Lieber, 153 S. W. 644; St. Clair v. Hellweg, 173 Mo. App. 660, 159 S. W. 17; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981; Bruce v. Wolfe, 102 Mo. App. 384, 76 S. W. 723; Thompson v. Dickerson, 68 Mo. App. 535; Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Lessenich v. Sellers, 119 Iowa, 314, 93 N. W. 348; Kane v. Rippey, 22 Or. 296, 23 Pac. 180; Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L. R. A. (N. S.) 1170, 114 Am. St. Rep. 723; Wiemann v. Steffen, 186 Mo. App. 584, 172 S. W. 472; Mays v. Blair, 120 Ark. 69, 179 S. W. 331.

The parties having contracted for an abstract showing a merchantable title, which we construe to mean a marketable title, as it appears upon the records only, the question under this record becomes one of law. Maupin Mktble. Title (2d Ed.) pp. 710, 749.

[4] Appellee asserts that one of the defects in the title, as shown by the abstract, is in the acknowledgment to the conveyance from A. Levingstone to Kennedy. This instrument was dated June 15, 1891. The certificate of acknowledgment was signed by Chas. F. Bolanz of Dallas county, and recites that Charles F. Bolanz personally appeared before Charles F. Bolanz, and acknowledged the execution of the instrument. The acknowledgment is otherwise in statutory form, and the infirmity lies in the facts that the notary, Bolanz, wrote his own name in the certificate in the place where the name of the grantor should have appeared. The deed had been recorded for more than 10 years when the contract between the parties was signed. Article 3700, Vernon's Sayles' Civil Statutes, provides that every instrument which has been recorded for a period of 10 years in the book used by the county clerk for the recording of such instruments, whether proved or acknowledged in such manner as is required by law, shall be admitted as evidence in any suit in this state without the necessity of proving its execution, provided no adverse claim has been asserted during that period. If, by the assertion of an adverse claim is meant the filing of a suit, the recording of a deed or adverse possession, the abstract in this case is innocent of any defect of that character. If we concede that the effect of this article is to render the deed admissible as evidence only, and that it does not constitute notice under the registration laws, still we think it is not such an objection as renders the title unmarketable, for this reason: At the time of the execution of the original deed Kennedy executed to J. P. Murphy as trustee a deed of trust upon the property described in the contract to secure A. Levingstone in the payment of a vendor's lien note for $550 described in the conveyance. This trust deed was duly recorded, and the result of the transaction is an executory contract by which the title remained in Levingstone until the payment of the note. Upon default by Kennedy, and about five years after the execution of the note, Murphy, the trustee, advertised the property for sale, and sold and conveyed it to one Beaumont. As shown by the abstract, Beaumont conveyed the property to appellant by duly executed and recorded deed. The record shows that the note for $550 and the vendor's lien were owned by Levingstone, and that the trustee sold the property at his request. The deed of trust and the trustee's deed, being duly acknowledged and recorded, constituted notice. The effect of the sale by the trustee was to convey the title held by Levingstone directly to the purchaser Beaumont. By this sale the rights of Kennedy and those claiming under him were extinguished. The question, however, is raised by appellee in this connection of the validity of the trustee's sale.

It is insisted that because it does not appear from the abstract that Kennedy was alive when the sale was made under the power contained in the trust deed, the title is so doubtful as to render it unmarketable. There is nothing in the record to show whether Kennedy was dead or alive at the time of the trustee's sale. We are not willing to hold that the abstract under the circumstances in this case should show affirmatively that the grantor in the trust deed was alive when the sale was made. The fact of his death, in the absence of administration upon his estate, or some other court proceeding, would not appear as a matter of record. It is provided by article 5707, Vernon's Sayles' Civil Statutes, that any person, absenting himself beyond the sea or elsewhere for 7 years successively, shall be presumed to be dead in any cause wherein his death may come in question, unless proof be made that he was alive within that time. Under this article of the statute no presumption arises of the death of Kennedy until the expiration of 7 years from the date when he was last known to be alive. We think, however, that the question of whether Kennedy was dead or alive at the time of the trustee's sale is of very little importance. The record shows that Kennedy acquired the title from Levingstone June 15, 1891. We find in the abstract a deed from Kennedy and wife, dated November 11, 1892, conveying the property described therein to E. C. Brown, and C. C. Jones. The trustee sold under the power July 7, 1896. Kennedy had therefore divested himself of all right, title, and interest in the property before the sale. In Wiener v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867, the Supreme Court held that where the trustee sold the premises under the power contained in the deed of trust after the death of the mortgagor, and before the expiration of 4 years, where no adminis-

tration had been commenced, the sale was valid, and vested title in the purchaser, subject to be set aside by an administration if one was required; that such sale was not invalid, but was merely void. Afterward, upon motion for rehearing (105 Tex. 282, 147 S. W. 867), the court said:

"The only reason that has been assigned in any of the cases for holding that the death of the mortgagor suspends the power of sale is that the foreclosure of the mortgage might embarrass the court in the regular administration of the estate. Now, if the foundation upon which alone the rule rests does not exist, then the rule cannot apply to this case. * * * Having no jurisdiction of the property, the court could not have made any order concerning it. The logical conclusion must follow that the sale of the land under the deed of trust was not suspended to await the granting of administration by a court, which had no jurisdiction, and whose order could not affect the property in any way."

[5] For the reason just stated the death of Kennedy immediately after the execution of the above-mentioned deed could have no bearing whatever upon the validity of the trustee's sale, simply because his administrator could not have exercised any power over the property. There is another reason why the defective acknowledgment should not be held to condemn the title: A correction deed, properly acknowledged by Levingstone, November 24, 1913, was duly filed and recorded. Its registration was prima facie evidence of its delivery to and acceptance by Kennedy. It is a copy of the original deed, and in addition contains this recital:

"(This deed is executed in lieu of that certain deed executed by A. Levingstone to James Kennedy, dated June 15, 1891, and recorded in vol. 145, p. 276, deed records of Dallas county, Texas, for the purpose of correcting a defect in the acknowledgment of said deed.)"

In so far as this link in the chain of title is concerned, we think appellee would have been fully protected as a bona fide purchaser in a contest with one claiming under Levingstone.

Appellee quotes the following rule from Williams v. Bricker, 83 Kan. 53, 109 Pac. 998, 30 L. R. A. (N. S.) 343, and insists that it is applicable here:

"A title need not in fact be bad in order to render it unmarketable or nonmerchantable; the question is whether a reasonably prudent man, familiar with the facts and apprised of the questions of law involved, would accept the title in the ordinary course of business, nor is it enough even that the court on the whole consider it good. If there be doubt or uncertainty sufficient to form the basis of litigation, the title is unmarketable."

If the terms of the contract of sale in the instant case did not require a marketable title, as shown by the record, the rule would apply. The contract in Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979, did not stipulate for a title shown to be good by the abstract, and Gill, Justice, held that parol evidence was admissible to show that the proffered title was good, and that the prospective purchaser should be permitted to show that facts extraneous to the abstract threatened, and diminished the market value of the property. In such a case the question as to whether a reasonably prudent man, familiar with the facts and apprised of the questions of law involved would accept the title becomes a mixed question of law and fact; but, in this case, where the contract requires that the title shall appear from the abstract, made up of only such instruments as are entitled to registration, and where ex parte affidavits, not subject to registration and parol testimony, should not be admitted, the question is, as stated, one for the court, and upon which the opinion of the examining attorney is not even admissible, as held in Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593. The abstract furnished appellee did not show a title so clear and perfect that it might never be attacked, and it would be difficult to conceive of a title in such condition; but, in our opinion, if appellee had accepted the title, as shown by the abstract in question, he would have been in such a position that he could have successfully defended it against any one relying upon the defects shown.

The judgment is therefore reversed, and rendered for the appellant.