## J. K. GRAY ET AL. v. C. S. McCURDY.

No 3817.  Decided November 26, 1924.

(266 S. W., 396).

**1.—Will—Trustee—Power to Sell—Cash or Time.**

A will created certain heirs trustees with power to sell land and convert it into money, or to postpone such sale and conversion to such period as they might think proper, to lease from year to year or for a term of years, to repair and improve, "and generally to manage the property according to their absolute discretion." *Held* that the trustees were not restricted to a sale for cash; but one for part cash and for deferred payments secured by vendor's lien was within their powers under the will and passed the title of testator. (Pp. 221, 222).

**2.—Executors—Trust—Acceptance—Presumption.**

The existence of any duty or power on the part of any one as executor or trustee under a will depends on acceptance of the trust. This may sometimes be presumed, but such presumption can not be entertained where, of several named as executors and trustees, only one qualifies and acts, the others acquiescing for years in his sole discharge of the trust. (P. 223).

**3.—Executors as Trustees.**

A will having named several as executors and devisees in trust with large powers as to disposition of testator's property, the trust created thereby and the powers conferred were annexed to the office of executor, not to a distinct office as trustee; and such powers were to be exercised only by qualifying as executor.  (P. 224).

**4.—Executor—Qualification.**

An executor can not exercise the powers conferred on him by will to deal with lands in Texas until he has qualified as such following the probate of the will here, in accordance with state law.  (P. 224).

**5.—Will—Executors as Trustees—Failure to Accept—Case Stated.**

The will of a resident in England owning land in Texas appointed the son and five daughters as executors and trustees of his estate, with power to sell. On its probate in England only the son qualified as executor; and the will being probated in Texas, only the son received letters testamentary there. The daughters named never acted either as executors or trustees, apparently acquiescing in the settlement of the estate by the son alone. Construing the will it is held to confer all the powers given to executors and trustees upon such as chose to accept and act in that capacity. A conveyance by the son alone, as sole executor and trustee under the powers so granted passed the testator's title to the land in Texas.  (Pp. 219, 220, 223-225).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Deaf Smith County.

Gray sued McCurdy, joining with him the First Natl. Bk. of Hereford as a stakeholder, and had judgment. On defendant's appeal this was reversed and rendered in favor of McCurdy (239 S. W., 641) whereupon Gray obtained writ of error. The case was referred to the Commission of Appeals and its affirmance recommended by them; but subsequently it was withdrawn from the Commission and determined by the Supreme Court.

*W. H. Russell* and *John C. Staton,* for plaintiff in error.

Where a testator leaves all of his property to executors and trustees, who are also all of the beneficiaries, and provides that they may appoint their successors, and the executory powers and trusts running to their survivors, and also stipulating that the trustee or trustees for the time being has absolute power to sell, then the executor and trustee accepting the trust and qualifying has full power to sell, especially where the others named fail and refuse to accept the trust and qualify. Mayes v. Blanton, 67 Texas, 246; Blanton v. Mayes, 72 Texas, 417; Johnson v. Bowden, 43 Texas, 670; Roberts v. Connellee, 71 Texas, 11; Anderson v. Stockdale, 62 Texas, 54; Roy v. Whitaker, 92 Texas, 355; Simkins, Admin. of Estates, 127; 23 C. J., 1022, sec. 59.

Where in a will the executor and trustee is authorized to sell real estate and is not restricted to a cash sale he may pursue the usual and ordinary methods of extending credit for part of the purchase money, taking back a vendor's lien on the land so sold.

A much more liberal construction is given to powers under a will than in a naked power of attorney, and practically all the authorities cited by the defendant in error on the proposition that the sale for part cash and part notes was void are on the strict construction under powers of attorneys.

*Carl Gilliland,* for defendant in error McCurdy.

An abstract does not show a good title of record to land, where one of the links in the chain of title is a deed from only one of five trustees, to whom the land was conveyed in trust by a will, and which will authorizes the trustees to sell the land, but does not authorize just one of them to do so. Dodge v. Lacey, 216 S. W., 400; Bunn v. City of Laredo, 213 S. W., 320; Perry on Trust and Trustees, Sixth Edition, Section 493 and notes thereunder; also Volume 1, Sections 411 and 412 and notes thereunder.

Where a will conveys land to trustees in trust, and grants power to sell land, but does not, expressly or impliedly, authorize them to

sell on credit, then they must sell for cash, and a title depending on a sale and conveyance by one of the trustees for part cash and part credit is not a good title of record. Horst v. Lightfoot, 103 Texas, 643, 132 S. W., 761; Colvin v. Blanchard, 101 Texas, 231, 106 S. W., 323; McKay v. McKinnon, 122 S. W., 440; Winders v. Hill, 141 N. C., 694; Cops Bros. Co. v. Smith & Co. 137 Mich., 28; Norton v. Nevills, 174 Mass., 243; Perry on Trust and Trustees, sixth edition, Volume 2, Section 786-a; Mechem on Agency, Section 325; Parsons on Contracts, Section 58; Story on Agency, Section 77; Kent's Commentaries, 13th edition, Volume 2, p. 893.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Defendant in error McCurdy and plaintiff in error Gray entered into a written contract, dated September 17th, 1920, whereby Gray contracted to convey to McCurdy a section of land in Deaf Smith County, after furnishing a duly certified abstract "showing a good and sufficient title of record", and whereby McCurdy agreed to pay therefor a consideration aggregating $19,200.00 and consisting in part of the assumption by McCurdy of three outstanding notes for $2,400.00 each, secured by vendor's lien against the section.

Gray furnished an abstract disclosing:

First: The section was patented by the State of Texas to William Blomfield by a patent dated January 7th, 1897.

Second: William Blomfield, of Surrey County, England, died owning the section and leaving a will, dated May 14th, 1897, containing the following clause:

"I appoint my daughter Jane Charlotte Blomfield my son James Stone Blomfield, and my daughters Mary Elizabeth, the wife of Alexander Muirhead, and Emily Rathbone Blomfield to be the Executors and Trustees of my will; and they or the survivors or survivor of them or the executors or administrators of such survivor or other the trustees or trustee for the time being are hereinafter called my trustees or trustee".

After bequeathing certain personal property to his "trustees or trustee" for division of same or of the proceeds thereof between his children living at the date of the testator's death, the will provided:

"I devise and bequeath all my real and personal estate not hereby otherwise disposed of unto my trustees or trustee upon trust that my trustees or trustee shall sell, call in and convert into money the same or such part thereof as shall not consist of money with power nevertheless to postpone such sale and conversion for such period as my trustees or trustee may think proper, such power to extend particularly to freehold and leasehold property and to my shares in Lewis Berger and Sons, Limited."

After making provision for investments and reinvestments the will directed how the "trustees or trustee" should divide and distribute the estate's income, and continued:

"And I also declare that as regards any real or leasehold property remaining unsold, my trustees shall be at liberty to lease or under-lease the same from year to year or for any term of years at the best rent to be reasonably obtained without taking a fine, subject to such covenants and conditions as they shall think fit and to accept surrenders of leases and tenancies, to expend money in repairs and improvements, and generally to manage the property according to their absolute discretion".

By a codicil, dated July 31st, 1897, the testator's daughters Alice Kate Blomfield and Amy Bartlett Blomfield were appointed executors and trustees of the will in addition to the parties originally named.

Third: The will of William Blomfield and the codicil were admitted to probate and record in England, on October 20th, 1900 in the Principal Probate Registry of Her Majesty's High Court of Justice, following Blomfield's death on August 22nd, 1900, and administration was granted by said Court to James Stone Blomfield, as shown by duly certified copy of orders of said Court. In said orders, the Court reserved power "of making the like grant to Jane Charlotte Blomfield, Mary Elizabeth Muirhead, Emily Rathbone Blomfield, Alice Kate Blomfield, and Amy Bartlett Blomfield, also named executors in said will and codicil."

Fourth: On application of James Stone Blomfield alone, the will of William Blomfield with the codicil was duly probated in the County Court of Deaf Smith County, Texas, and James Stone Blomfield duly qualified as executor under said will and codicil as pro-bated in Deaf Smith County.

Fifth: No other person than James Stone Blomfield ever qualified, or attempted to qualify, in England, in Texas, or anywhere else, as an executor of the will and codicil of William Blomfield.

Sixth: On March 18th, 1920, James Stone Blomfield, as executor and trustee under the will and codicil of William Blomfield, by duly recorded deed, conveyed the section to E. E. Ramsey, in consideration of $2,400.00 cash and three notes for $2,400.00 each, payable to the executor's order, and due respectively on or before one, two and three years after date. The deed recited that James Stone Blomfield was "the only qualified and acting executor and trustee under the will of the late William Blomfield". This recital was admitted in evidence over defendant in error's objection that same was incompetent to prove its truth. None of the parties named as executors or trustees in the will and codicil of William Blomfield

joined in the deed to Ramsey nor in any other deed to the section of land.

Seventh: On July 17th, 1920, E. E. Ramsey and wife, conveyed the section to plaintiff in error J. K. Gray, by deed duly recorded, part of the consideration being Gray's assumption of Ramsey's three notes to the executor of William Blomfield's will.

Defendant in error refused to approve or accept the title of Gray, as disclosed by the abstract, because of two defects pointed out by his attorney as follows:

1st. The will did not authorize a sale of the land save for cash, and hence the attempted sale to E. E. Ramsey for part cash and part on time was void.

2nd. The will and codicil of William Blomfield conveyed the land to Jane Charlotte Blomfield, James Stone Blomfield, Mary Elizabeth Muirhead, Emily Rathbone Blomfield, Alice Kate Blomfield, and Amy Bartlett Blomfield as trustees, with power and authority to dispose of the land only by their joint act, and the attempted conveyance by one trustee alone was a nullity.

Plaintiff in error Gray, asserting that the abstract disclosed that he had a good record title to the section, brought this suit for specific performance of defendant in error McCurdy's obligation to pay the consideration agreed upon, and recovered judgment in the District Court, the parties stipulating that the abstract did show a good, merchantable title in Gray, unless it was defective in the respects indicated by the opinion of the attorney for McCurdy. The Court of Civil Appeals reversed the judgment of the District Court and rendered judgment for McCurdy, (239 S. W., 641), whereupon a writ of error was granted by this court.

The sole question for our determination is: Did the abstract fail to show a good and sufficient record title to the section of land in plaintiff in error Gray, because of the defects pointed out by the attorney for defendant in error McCurdy?

In our opinion the will authorized the sale of the section of land for cash and vendor's lien notes. The express direction of the testator was that all his real estate be converted into money, and that the trustee or trustees postpone at discretion the times for the accomplishment of this end.

The full powers conferred with respect to selling and leasing real estate and cancelling leases and with respect to expending money for repairs disclose the implicit confidence of the testator in the prudence and fidelity of the named trustee or trustees. The whole instrument negatives the intent that the trustee or trustees be denied the discretion in sales of land to determine whether it would be most advantageous to the estate to exact all cash or to receive part cash

and postpone for a time the receipt of the balance of the purchase money.

The trustee or trustees were plainly empowered to exercise judgment in deciding on a sale wholly for cash or a sale wholly on time or a sale for part cash and notes for the balance. A sale for all cash would reflect the decision that now was the opportune time to effect the complete conversion of the real estate into money. A contract to convey in the future would imply the decision that the estate would profit by a postponed conversion of the land into money, at an agreed price. A contract to sell for part cash and part notes would involve the decision that it was best for the estate to sell though the conversion of the land into money be partially postponed. The will left it to the trustee or trustees to make either decision. In making it, the trustee or trustees were allowed to exercise unbridled discretion.

It follows that the record title of Gray, as disclosed by the abstract, was good as against defendant in error's first objection.

Was Gray's record title subject to the second objection presented by defendant in error?

The will and codicil appoint six persons executors and trustees, declaring that such executors and trustees are meant whenever the testator uses the word trustees. It is explicitly provided that whenever one of the six persons is alone acting as executor and trustee, that the person so acting shall possess all powers granted all the named executors and trustees. The will suggests that the testator contemplated that not more than one person would accept the trust declared by the will. For, over and over, in drafting the will, the words "trustees or trustee" are used to describe the repository of the powers to be exercised over the testator's property.

The son alone presented the will for probate in England, and to him as a single executor were letters of administration granted. Her Majesty's High Court of Justice added nothing to its authority by the reservation of power to make like grants to any daughter applying for letters. Moreover, none of the daughters ever took any steps towards securing an order for letters in England, with a view to joining in the estate's administration.

The will and codicil were duly probated in Texas, and the son alone qualified as executor under the orders of the Texas probate court. None of the daughters joined in having the will probated in this State. None of them has ever sought to qualify as executrix under the laws of Texas.

The son, as sole executor and trustee, proceeded to sell the land and receive the purchase price in cash and notes.

No person named as executor or trustee or beneficiary has questioned the powers assumed by the sole executor and trustee.

The above facts, disclosed by the abtract, establish an acceptance of the trust as executor and trustee, in England and in Texas, by the son alone. These acts, implying acceptance of the trust by the son alone, appear to have been acquiesced in, some for about twenty years, by those also named as executors and trustees and beneficiaries of the trust.

Nothing was disclosed by the abstract, nor on the trial, which tended to prove an acceptance as executor or trustee under the will and codicil on the part of anyone other than the testator's son.

We do not believe that the law justified the objection that the abstract failed to disclose a good and sufficient title of record in Gray under the deed to Ramsey by the single executor and trustee, because of the nonjoinder of the others named in the will and codicil as executors and trustees.

The law writers and decisions are in accord on the proposition that the existence of any duty or power on the part of any person as executor or trustee under a will such as that of William Blomfield depended on acceptance of the trust. 3 Pomeroy's Equity Jurisprudence, (4th Ed.), §1060; Armstrong v. Morrill, 81 U. S. (14 Wall.) 138, 139. While acceptance, under proper circumstances, may be presumed, yet such acceptance ought not to be presumed on the part of daughters named as executors and trustees in a father's will, along with a son, in the face of proof of acceptance by the son alone, with long continued nonaction by the daughters to perform any act in the execution of the trust and with the daughters' acquiescence in the son's assumption of full and complete authority, which could exist only in the event of the daughters' failure to become executors and trustees. Adams v. Adams, 64 N. H., 225.

Ruling Case Law is supported by sound reason in the following declaration: "A disclaimer by a person named as trustee may be established by his action or by his nonaction long continued, as well as by deed." 20 R. C. L., 125. The correctness of the rule is recognized by the text in Perry on Trusts, (6th Ed.), at page 966.

The New York Court of Appeals said of a failure, similar to that of the testator's daughters as disclosed by the abstract in this record, to assume the duties and liabilities of a trust:

"It cannot be said that there was no vacancy for the reason that Hamilton Murray, named in the will as trustee, still survived. He had not accepted the trust, and had for twenty years omitted to qualify as trustee or to claim the trusteeship. No responsibility as trustee rested on him. Had he claimed the trusteeship as successor of James B. Murray, and nothing being shown to disqualify him. the court would undoubtedly have followed the wishes of the testator and appointed him. Still he was not trustee in law or fact at the

time the application was made. His omission to qualify as trustee or to claim the trusteeship for so long a period, and permitting other persons during all that time to perform the duties without challenge, must be deemed a renunciation and refusal on his part to accept the trust. As regards him there was most clearly a vacancy." In the Matter of George W. Robinson, 37 N. Y., 263.

We are convinced furthermore that all the powers conferred by William Blomfield's will were annexed to the office of executor or executors. The authority, duty and liability of the executors could not be separated from that of the trustees. Failure or refusal to become an executor was tantamount to failure or refusal to accept any trust committed by the testator to the parties named in the will.

A case involving the application of this principle by the Supreme Court of the United States is Potter v. Crouch, 141 U. S., 296. The will in that case, as here, appointed certain persons "executors and trustees", and property was bequeathed to those persons, in trust, with power to lease, repair, and sell real estate, and to distribute income as well as specific property or its proceeds. Notwithstanding the grant of power was to the "executors and trustees", in the will considered in the cited case, and notwithstanding the whole estate was devised in trust to the parties appointed executors and trustees, the Court, speaking through Mr. Justice Gray, said: "There can be no doubt that all the powers conferred, and all the trusts imposed, were annexed to the office of executors, and not to a distinct office of trustees." 141 U. S., 312.

In McAlpine v. Potter, in construing a will bequeathing an estate to "trustees" in trust and granting broad powers to "trustees", who were also named as executors, the Court of Appeals of New York declared that, while the will created a trust and sometimes termed the executors trustees, yet there was no provision in the will which required or authorized "a holding of any part of the estate by trustees as distinguished from executors." 126 N. Y., 290. See also Colt v. Colt, 111 U. S., 580; Johnson v. Lawrence, 95 N. Y., 162; Beekman v. Bonsor, 23 N. Y., 304, 305.

Under the statutes and settled law of Texas, no one could exercise the powers annexed to the office of executor of William Blomfield's will over lands in Texas until he had qualified as executor following the will's probate, in accordance with the laws of Texas. R. S., Arts. 3276, 3278, 3289, 3290, 3305, and 3309; Webster v. Clarke, 100 Texas, 333; Mills v. Herndon, 60 Texas, 356, 357; Paschal v. Acklin, 27 Texas, 193.

The abstract disclosed that no one save James Stone Blomfield ever qualified as executor under the Texas laws. With the power to convey the land in Texas attached to the office of executor, as we

have shown, and with all others entitled to do so refusing to join in the administration of the estate as executors, the sale by James Stone Blomfield alone as executor and trustee was valid and passed the estate's title to Ramsey, the vendor of Gray.   Johnson v. Bowden, 43 Texas, 672; Roberts v. Connellee, 71 Texas, 17; Terrell v. McCown, 91 Texas, 242.

The District Court rendered the proper judgment,· having concluded that the abstract disclosed a good and sufficient record title in Gray, and the Court of Civil Appeals erred in reversing that judgment.

It is therefore ordered that the judgment of the Court of Civil Appeals be· reversed, and that of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*